IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| David Heath, ) | C/A No. 8:15-cv-02342-TMC-JDA |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Warden Robert Stevenson, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court on Respondent's motion for summary judgment. [Doc. 30.] Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on June 2, 2015.[1] [Doc. 1-1.] On November 30, 2015, Respondent filed a motion for summary judgment and a return and memorandum to the Petition. [Docs. 29, 30.] On December 2, 2015, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and of the possible consequences if he failed to adequately respond to the motion. [Doc. 31.] Petitioner's response in opposition was entered on the docket on January 11, 2016. [Doc. 36.]

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, Petitioner's action was filed on June 2, 2015. [Doc. 1-1 (envelope stamped indicating petition was received by prison mailroom on June 2, 2015).]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted.

## BACKGROUND

Petitioner is presently confined in the South Carolina Department of Corrections at Broad River Correctional Institution pursuant to orders of commitment of the Aiken County Clerk of Court. [Doc. 1 at 1.] In June 2005, Petitioner was indicted for criminal sexual conduct ("CSC") with a minor in the second degree and contributing to the delinquency of a minor. [App. 251–54.[2]] On August 13–14, 2007, represented by David W. Miller ("Miller"), Petitioner was tried in absentia. [App. 1–244.] The jury returned a verdict of guilty on both charges. [App. 230.] Petitioner appeared before the Honorable J. Michelle Childs on September 10, 2007, and Judge Childs opened the previously sealed sentence and sentenced Petitioner to twenty years imprisonment on the CSC with a minor in the second degree charge and three years imprisonment, to run concurrent, on the contributing to the delinquency of a minor charge.[3] [App. 245–50.]

**Direct Appeal**

Petitioner appealed his conviction. Deputy Chief Appellate Defender Wanda H. Carter ("Carter") represented him on direct appeal. Petitioner raised the following issue on direct appeal:

> The trial judge erred in denying defense counsel's motion for a directed verdict of acquittal on the offense of

---

[2] The Appendix can be found at Docket Entry Number 29-1.

[3] Petitioner's sentence was initially sealed because Petitioner was not present at trial. After Petitioner was located, his sentence was unsealed and presented. [App. 247.]

2

> contributing to the delinquency of a minor because there was no proof beyond a reasonable doubt establishing that appellant was guilty of the charge.

[Doc. 29-3 at 4.] The South Carolina Court of Appeals affirmed Petitioner's conviction and sentence on October 28, 2010. [Doc. 29-5.] Remittitur was issued on November 15, 2010. [Doc. 29-6.]

**PCR Proceedings**

Petitioner, proceeding pro se, filed an application for post-conviction relief ("PCR") on May 6, 2011. [App. 257–72.] He raised the following three claims:

> (A) Factual Innocence
>
> This legal framework and foundation being firmly in place, the Court is compelled to look at the facts in regard to this case sub-justice because the law arises from facts (Ex Facto Oritur Jus). The material facts that surround this case will prove beyond a reasonable doubt that Mr. Heath [is] factually [innocent] of this allege crime that he was wrongfully convicted of on August 14, 2007.
>
> * * *
>
> (B) Was the Applicant's Fifth, Sixth and Fourteenth Amendment Rights of the United States Constitution and his Right of Due Process was violated by Solicitor and Law Enforcement has broken the chain of custody and failed to establish a chain of custody.
>
> The Applicant contends that the chain of custody was broken by the Respondent. . . .
>
> * * *
>
> (C) Was the Applicant's Fifth, Sixth and Fourteenth Amendment Rights and/or Due Process Rights violated as well as Rules of Court and/or Rules of Criminal Procedure by the failure of the prosecuting agent(s) to give a due notice of the trial date?
>
> This legal framework and foundation being firmly in place, the Court is compelled to look at the facts in regard to this case

3

> sub-justice because the law arises from facts (Ex Facto Oritur Jus). The State tried the Applicant's in his absence. On Tr. p. 9 lines 19 thru. 25 the Applicant's attorney [moved] for a continuance, but the Court denied the motion. . . .

[App. 263–67.] The State filed a return and motion to dismiss on September 26, 2011. [App. 273–78.] The PCR court entered a Conditional Order of Dismissal on September 27, 2011, in which it conditionally dismissed Petitioner's application as beyond the jurisdictional authority of the PCR court. [App. 280–83.] Petitioner amended his pro se PCR application to add the following allegations:

> Ineffective Assistance of Counsel:
> a.   "Counsel was ineffective for failing to argue the prosecution failure to establish a chain of custody;"
> b.   "Counsel was ineffective for failure to offer factual innocence defense;" and
> c.   "Counsel, was ineffective for failing to argue that Applicant's Fifth, Sixth, and Fourteenth Amendment Rights and/or Due Process Rights violated as well as Rules of the Prosecuting agents to give a due notice of the trial date."

[Doc. 1-3 at 22, App. 288–99.]

A hearing was held on January 25, 2012, and Petitioner was represented at the hearing by Andrew C. Marine. [App. 300–28.] On November 27, 2012, the PCR court filed an order denying and dismissing the PCR application with prejudice. [App. 329–35.] Petitioner's PCR counsel did not move to alter or amend the judgment pursuant to Rule 59(e), S.C.R.Civ.P. A notice of appeal was timely filed and served. [Doc. 29-8.]

Katherine H. Hudgins ("Hudgins") of the South Carolina Commission on Indigent Defense filed a *Johnson*[4] petition for writ of certiorari on Petitioner's behalf in the Supreme

---

[4]A *Johnson* petition is the state PCR appeal analogue to an *Anders* brief and effectively concedes the appeal lacks a meritorious claim. *See Johnson v. State*, 364

4

Court of South Carolina, dated June 26, 2013. [Doc. 29-9.] The petition asserted the following as the sole issue presented:

> Did the PCR judge err in dismissing the application for failure to state a claim cognizable under the Uniform Post-Conviction Procedure Act when petitioner alleged that trial counsel was ineffective in stipulating rather than challenging the chain of custody for the State's DNA evidence?

[*Id.* at 3.] Hudgins also submitted a petition to be relieved as counsel. [Doc. 29-9 at 8.]

Petitioner then filed a pro se petition, dated September 10, 2013, alleging the following issues[5]:

1) Did the PCR judge erred in dismissing the application without first determine that the matters that was pending before the Court of General Session had been resolved concerning a motion for new trial.

2) Counsel was ineffective in failing to move for new trial after sentence was imposed.

3) Trial counsel was ineffective for stipulating to the chain of custody for the DNA evidence.

[Doc. 29-10.]

The court denied the petition and granted counsel's request to withdraw on February 23, 2015 [Doc. 29-11] and remitted the matter to the lower court on March 17, 2015 [Doc. 29-12].

---

S.E.2d 201 (S.C. 1988).

[5] Petitioner's pro se petition raises only one defined argument; however, liberally construing the pleading, the Court determines he raises three distinct issues.

**Petition for Writ of Habeas Corpus**

Petitioner filed this Petition for writ of habeas corpus on June 2, 2015.  [Doc. 1.] Petitioner raises the following grounds for relief, quoted substantially verbatim, in his Petition pursuant to 28 U.S.C. § 2254:

> **GROUND ONE:** Petitioner Heath['s] conviction [is] unlawful since no DNA evidence linked him to crime of CSC.
>
> *Supporting facts*: See attached sheets challenging sufficiency of evidence.
>
> **GROUND TWO**: Conviction for CSC [is] unlawful since chain of custody was broken in violation of Rule 6, et al.
>
> *Supporting facts*:  See attachments.[6]

[Docs. 1, 1-3.]

The Court has reviewed the Petition and all attachments and, liberally construing Petitioner's filings, finds he has asserted the following claims in this action:

> **Ground One (A)**: Petitioner's conviction is unlawful because no DNA evidence linked him to the crime of Criminal Sexual Conduct.
>
> **Ground One (B)**: Ineffective assistance of counsel for failing to challenge DNA evidence.
>
> **Ground Two (A)**: Petitioner's Criminal Sexual Conduct conviction is unlawful because the chain of custody was broken.
>
> **Ground Two (B)**: Ineffective assistance of counsel for stipulating to, and failing to challenge, chain of custody.

---

[6] Although under the supporting facts of Ground Three, Petitioner states, "See Attachments," he lists no claim in Ground Three.

As stated, on November 30, 2015, Respondent filed a motion for summary judgment. [Doc. 30.] On January 11, 2016, Petitioner filed a response in opposition. [Doc. 36.] Accordingly, the motion for summary judgment is ripe for review.

## APPLICABLE LAW

### Liberal Construction of Pro Se Petition

Petitioner brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

   *Generally*

Because Petitioner filed the Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

*Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B) (I) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. *Id.* § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may

consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the Supreme Court of South Carolina. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[7] Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts. For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment. S.C. App. Ct. R. 203(b)(2), (d)(1)(B). A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson*

---

[7]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar. 589 F.3d at 162–65. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

*v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977). Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the Supreme Court of South Carolina through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

### *Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also*

*Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995).  As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim.  *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)).  When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim.  *Murray v. Carrier*, 477 U.S. 478, 496 (1986).  Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim.  *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court.  *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991).  Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim.  *Wainwright*, 433 U.S. at 87.  In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply.  *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the Supreme Court of South Carolina in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

## DISCUSSION

Respondent argues Petitioner's grounds are procedurally barred. [Doc. 29.] Respondent also argues Petitioner cannot overcome the default of these grounds because he cannot establish cause and prejudice or a miscarriage of justice. [*Id.* at 12–35.] The Court agrees.

Procedural default is an affirmative defense that is waived if not raised by respondents. *Gray v. Netherland*, 518 U.S. 152, 165–66 (1996). If the defense is raised, it is the petitioner's burden to raise cause and prejudice or actual innocence; if not raised

by the petitioner, the court need not consider the defaulted claim. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995).

**Grounds Not Raised on Appeal**

The following grounds are procedurally barred as direct claims because they were not raised on direct appeal [*see* Doc. 29-3]:

> **Ground One (A)**: Petitioner's conviction is unlawful because no DNA evidence linked him to the crime of CSC.
>
> **Ground Two (A)**: Petitioner's Criminal Sexual Conduct conviction is unlawful because chain of custody was broken.

Because these claims were not presented on appeal, they are procedurally barred from federal habeas review absent a showing of cause and actual prejudice. *See Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); *Wainwright*, 433 U.S. at 87; *Matthews*, 105 F.3d at 915.

**Ground Not Presented to the South Carolina Supreme Court in the *Johnson* Petition for Writ of Certiorari or in Petitioner's Pro Se Petition**

The following ground is procedurally barred because it was not presented to the South Carolina Supreme Court in the *Johnson* petition or in Petitioner's pro se petition:

> **Ground One (B)**: Ineffective assistance of counsel for failing to challenge DNA evidence.

Additionally, Petitioner did not raise this ground in his PCR application. Thus, it was not ruled on by the PCR court and could not have been raised properly to the South Carolina Supreme Court in the appellate review of the PCR court's order. Because this ground was

not fairly presented to the South Carolina Supreme Court, it is procedurally barred from federal habeas review absent a showing of cause and actual prejudice.

**Ground Not Addressed in the PCR Court's Final Order of Dismissal**

The following ground was raised to the South Carolina Supreme Court in Petitioner's amended pro se PCR application but was not addressed in the PCR court's final order of dismissal[8]:

> **Ground Two (B)**: Ineffective assistance of counsel for stipulating to, and failing to challenge, chain of custody.

Petitioner failed to file a Rule 59(e) motion to preserve this issue for appeal; therefore, this ground is procedurally barred from federal habeas review, *see Marlar*, 653 S.E.2d 266, absent a showing of cause and actual prejudice.

**Cause and Prejudice**

The existence of cause must ordinarily turn on whether the petitioner can show some objective factor external to the defense impeded counsel's or the petitioner's efforts to comply with the state's procedural rule. *Carrier*, 477 U.S. at 488. *But see Martinez v. Ryan*, --- U.S. ---, ---, 132 S. Ct. 1309, 1315 (2012) ("Inadequate assistance of counsel at *initial-review* collateral proceedings *may* establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." (emphasis added)). In his Petition, Petitioner asserts that the reason his grounds have not been presented to the state courts is because "counsel never bothered or entertained raising arguments challenging the validity of [his] charge." [Doc. 1 at 12.] In his response to Respondent's motion for summary judgment,

---

[8] The Court is aware Petitioner amended his pro se PCR application to allege this ground. However, the PCR court did not address any grounds in its order of dismissal, instead it found Petitioner had raised only direct appeal issues.

Petitioner does not specifically address cause and prejudice with respect to any of his defaulted grounds; instead, he reasserts trial counsel was ineffective. [Doc. 36.]

Petitioner has not asserted cause to excuse the procedural default of Grounds One (A)-(B) and Two (A)-(B), nor is any readily apparent from the record. Indeed, Petitioner makes no reference to Respondent's procedural bar arguments. Additionally, Petitioner has failed to show either actual prejudice or that a fundamental miscarriage of justice will occur if the procedural default is not excused. Consequently, Petitioner has not demonstrated cause to overcome the procedural default of these grounds. Accordingly, Respondent's motion for summary judgment should be granted.

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>United States Magistrate Judge

July 15, 2016
Greenville, South Carolina